J-S50020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES W. CRISE, | : | |
| | : | |
| Appellant | : | No. 53 WDA 2014 |

Appeal from the Order Entered December 27, 2013,
In the Court of Common Pleas of Westmoreland County,
Criminal Division, at Nos. CP-65-CR-0001899-2008 and
CP-65-CR-0004502-2008.

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN and ALLEN, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 15, 2014**

Appellant, James W. Crise, appeals *pro se* from an order granting in part and denying in part his motion to modify or correct the original record. For the reasons that follow, we affirm.

The case has a quirky procedural history. Appellant was charged by separate criminal informations filed at 1899 C 2008 and 4502 C 2008 in the Court of Common Pleas of Westmoreland County, Pennsylvania, with crimes associated with his relationship with a minor child, EK, and her friend, BJ, also a minor child. He was convicted by a jury of the charges filed at 1899 C 2008 on August 13, 2009, and on September 2, 2009, he was convicted of the charges filed at 4502 C 2008.

On December 22, 2009, Appellant was sentenced to an aggregate term of imprisonment of six–to–twenty-five years at action number 1899, and a consecutive term of fourteen–to–thirty years of imprisonment at action number 4502. This Court affirmed the judgments of sentence in a consolidated appeal. *Commonwealth v. Crise*, 253 WDA 2010, 24 A.3d 455 (Pa. Super. filed February 15, 2011) (unpublished memorandum). The Supreme Court denied allowance of appeal on July 19, 2011. *Commonwealth v. Crise*, 24 A.3d 863 (Pa. 2011).

Appellant filed a timely PCRA petition at both numbers on January 26, 2012, and the court appointed counsel. Thereafter, counsel filed a *Turner/Finley* no-merit letter.[1] The PCRA court denied relief without a hearing on January 17, 2013, and permitted counsel to withdraw.

Among the issues raised in Appellant's PCRA petition was an assertion that the Commonwealth violated the rules of discovery by failing to provide him with a copy of a forensic report supposedly prepared by Sergeant Robert Jones. The PCRA court addressed the alleged discovery violation in its order denying relief. The court first determined that, under 42 Pa.C.S. § 9544(b), Appellant's failure to raise this issue before trial, at trial, or on direct appeal resulted in its waiver. Accordingly, Appellant was not entitled to PCRA relief

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

under 42 Pa.C.S. § 9543(a)(3) (instructing that waived claims are not eligible for post–conviction relief). PCRA Court Order, 1/17/13, at 4–5.

The PCRA court further observed:

> Even had such an allegation been raised, however, a review of the record suggests that it would have been meritless nevertheless. There is no evidence that any "forensic report" exists to support [Appellant's] assertions. A review of the record indicates that, rather than a report prepared in anticipation of trial in this matter, Sgt. Jones made references to the contents of a chat log that he was able to obtain from [Appellant's] computer that was seized and searched following [Appellant's] arrest. [PCRA counsel] notes that, after reviewing the discovery receipts available in this matter, the chat logs were provided to [trial counsel], who represented [Appellant] on both cases prior to trial, and at trial on case number 1899 C 2008. The log was admitted at trial in 1899 C 2008 without objection from the defense. Clearly, no discovery violation occurred.
>
> At case number 4502 C 2008, where [Appellant] represented himself at trial, [Appellant] did not object to Sgt. Jones'[s] testimony based upon the fact that Sgt. Jones had failed to provide reports of his "forensic examination." It appears that there was no report generated, merely the transcript of the chat log that had previously been provided to the defense. The chat log was admitted without objection by the defense. As in the previous case, it is clear that no discovery violation occurred and [Appellant's] allegation that such a violation did occur is without merit. In either case, the issue has been waived.

Order, 1/17/13, at 5. Appellant filed a timely *pro se* appeal of the PCRA court's order to this Court at 211 WDA 2013.

While the appeal was pending, on July 8, 2013, Appellant filed a motion to modify or correct the original record. Appellant requested that the reports authored by Detective James Williams and Sergeant Robert Jones between June 2, 2007, and July 16, 2008, and to which the officers referred during their trial testimony to refresh their respective memories, be included in the official record. Appellant also sought to include the preliminary hearing transcripts related to both criminal matters.

On July 10, 2013, the trial court denied the motion based upon its belief that it lacked jurisdiction to hear the matter. Appellant then submitted his record modification request to the panel of this Court assigned to hear his PCRA appeal. On July 29, 2013, that panel entered the following *per curiam* order:

> Upon consideration [of] appellant Crise's July 17, 2013 "Motion to Modify and Correct Record," the motion is DENIED WITHOUT PREJUDICE to appellant's right to again seek supplementation of the record in the lower court as the lower court does have jurisdiction to correct the record in accordance with Pa.R.A.P. 1926. The lower court may transmit a supplemental record to this Court should the lower court deem it appropriate to do so. To the extent the lower court denies relief, appellant may argue the lack of a complete record, along with other issues appellant desires to raise on appeal, in appellant's brief.

*Commonwealth v. Crise*, 211 WDA 2013 Docket, Order Denying Application for Correction of Original Record, 7/29/13.

Appellant re-filed his motion to modify or correct as well as a motion for return of property with the trial court on August 5, 2013. On September 26, 2013, the court held a hearing on the merits of these two motions. The trial court took the motion for return of property under advisement per a procedural issue. Commonwealth's Brief at 5–6. Apparently dissatisfied with the progression of the disposition of the motion to modify, Appellant sent correspondence to the Prothonotary of this Court requesting that the PCRA panel (hereinafter, the "211 WDA 2013 panel") compel the trial court to rule on the motion. 211 WDA 2013 Docket, 10/31/13. In a letter dated November 6, 2013, the trial court's judicial law clerk informed the Prothonotary that although the trial court issued an order for transcription of the testimony presented at the September 26, 2013 hearing, the court had yet to receive the transcribed testimony. 211 WDA 2013 Docket, 11/14/13, Comment. Undaunted, on November 15, 2013,[2] Appellant sent a second letter to the Prothonotary, reasserting his displeasure with the trial court's failure to act on the motion, again requesting that the 211 WDA 2013 panel require the trial court to rule on the motion, and requesting judgment in his favor based upon the alleged bias of the trial court. 211 WDA 2013 Docket, 11/20/13.

---

[2] On this same date, the trial court received a transcript of the motion hearing. Order, 12/27/13, at 1.

Before the 211 WDA 2013 panel ruled on Appellant's applications to compel and for an order of judgment, on December 27, 2013, the trial court granted the motion to modify the record, to include the transcripts of the preliminary hearings related to the underlying criminal matters, but denied the motion with respect to Appellant's request in regard to the police reports.  In a separate December 27, 2013 order, the trial court stayed Appellant's pending motion for return of property.

After reciting Pa.R.A.P. 1926 in its entirety,[3] which is the governing authority concerning record correction and modification, the trial court

---

[3]   Rule 1926 reads:

**Rule 1926. Correction or Modification of the Record**

(a) If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court after notice to the parties and opportunity for objection, and the record made to conform to the truth.

(b) If anything material to a party is omitted from the record by error, breakdown in processes of the court, or accident or is misstated therein, the omission or misstatement may be corrected by the following means:

(1) by the trial court or the appellate court upon application or on its own initiative at any time; in the event of correction or modification by the trial court, that court shall direct that a supplemental record be certified and transmitted if necessary; or

offered the following reason why Appellant's reliance on this rule for inclusion of the police reports was misplaced:

> [Appellant] herein does not seek to correct an error in the official record by including materials that were omitted by error, breakdown of the process of the court, accident or by misstatement. Rather, he seeks to have documents made part of the official record which were never presented or admitted in evidence in the first place. Certainly [Appellant's] counsel or [Appellant] himself, as he was acting as his own attorney, could have had these police reports marked as exhibits and could have asked for their admission into evidence at the time of trial; however, this action was not taken. [Appellant] does not ask for this court to correct or supplement the official record as permitted by Pa.R.A.P. Rule 1926, but rather to admit new or

---

(2) by the parties by stipulation filed in the trial court, in which case, if the trial court clerk has already certified the record, the parties shall file in the appellate court a copy of any stipulation filed pursuant to this rule, and the trial court clerk shall certify and transmit as a supplemental record the materials described in the stipulation.

(c) The trial court clerk shall transmit any supplemental record required by this rule within 14 days of the order or stipulation that requires it.

(d) All other questions as to the form and content of the record shall be presented to the appellate court.

*Note:* The stipulation described in this rule need not be approved by the trial court or the appellate court, but both courts retain the authority to strike any stipulation that does not correct an omission or misstatement in the record.

An order entered on May 9, 2013, rewrote the rule, "to close a gap in the prior practice whereby the lower court could not correct an error discovered in writing an opinion under Rule 1925 (opinion in support of order)." Pa.R.A.P. 1926, Historical Notes, Order of May 9, 2013.

additional evidence into the record over the objection of the Commonwealth. In essence, he wants to correct his own mistake under the auspices of Rule 1926. This type of supplementation or modification is not the type that is contemplated by Rule 1926. Rule 1926 is designed to provide an avenue for correcting official court transcripts where a discrepancy arises in what actually transpired in the courtroom so to ensure that the official stenographic record reflects the truth of what was said on the record, or to include evidence that was omitted from the record "by error, breakdown in processes of the court, or accident or is misstated therein." Such omission would include those made by clerical error. There is no allegation that police reports from July 2, [2]007 through July 16, 2008 were omitted in error as is contemplated by the rule. Rather, the record is clear that, while testimony was presented from police witnesses regarding their investigation of [Appellant], their written notes and reports were never presented as or admitted into evidence at trial, and this court has no authority pursuant to Pa.R.A.P. 1926 to order their admission at this time.

Order, 12/27/13, at 3–4 (footnote omitted).

On December 30, 2013, Appellant filed an appeal from the trial court's order granting in part and denying in part the motion to modify the record at 53 WDA 2014. One month later, on January 31, 2014, pursuant to the trial court's order, Appellant filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Coincidentally, on this same date, the 211 WDA 2013 panel affirmed the PCRA court's order denying post–conviction relief. *See Commonwealth v. Crise*, 211 WDA 2013, ____ A.3d ____ (Pa. Super. filed January 31, 2014) (unpublished memorandum), petition for allowance of appeal denied, *Commonwealth v. Crise*, ____ A.3d ____, 130 WAL 2014, (Pa. July 16, 2014).

The trial court was made aware of the filing of Appellant's concise statement on April 7, 2014, and, on April 8, 2014, the court filed a Pa.R.A.P 1925(a) statement explaining that the reasons for its decision on Appellant's modification or correction motion were outlined in its December 27, 2013 order, and it attached a copy of that order to its statement. Appellant now presents the following question for appellate review: "Did the lower court err by not including the police reports and forensic report in the Original Record, after being moved to by the Appellant?" Appellant's Brief at 4.[4]

As part of its decision affirming the denial of PCRA relief, the 211 WDA 2013 panel addressed the outstanding applications to compel and for an order of judgment. On these matters, the Court stated: "All three applications request that this Court direct the trial court to act on Appellant's pending motion to correct or modify the record or enter judgment in his favor. To the extent the applications seek to correct or modify the record,

---

[4] We note that *pro se* Appellant's brief does not conform to Pa.R.A.P 2111(b) and (d) in that he has failed to append either a copy of the trial court's Pa.R.A.P. 1925(a) opinion or Appellant's Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Although this Court may quash or dismiss an appeal if an appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure, we decline to do so because the deficiencies in Appellant's *pro se* brief have not impeded our review. **See**, **e.g.**, **Commonwealth v. Adams**, 882 A.2d 496, 497–498 (Pa. Super. 2005) (court able to review sufficiency claim despite numerous defects in Appellant's *pro se* brief).

they are denied as moot." **Crise**, 211 WDA 2013, (unpublished memorandum at 21). The 211 WDA 2013 panel's decision on the motion to modify the record is binding, and we are not free to further adjudicate this appeal. For this reason, we will affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2014